IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELLY M. KELLENBARGAR                                    PLAINTIFF

V.                                    NO. 08-5252

MICHAEL J. ASTRUE,
Commissioner of Social Security                           DEFENDANT

## O R D E R

   Plaintiff, Shelly M. Kellenbargar, appealed the Commissioner's denial of benefits to this

Court.   On December 7, 2009, a Judgment was entered remanding Plaintiff's case to the

Commissioner, pursuant to sentence four of 42 U.S.C. §405(g). (Doc.# 9). Plaintiff now moves

for an award of $3,655.60 in attorney's fees and $40.01 in costs under 28 U.S.C. §2412, the

Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 24.05 attorney

hours of work before the court at an hourly rate of $152.00 per hour for time spent in this matter.

(Doc. # 10).   Defendant has filed a response, stating that he has no objection to Plaintiff's

motion.  (Doc. #12).

   Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.   The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.   Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.   After reviewing the file, the Court finds that

-1-

Plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. §406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits, does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

Meyers v. Heckler, 625 F. Supp. 228, 231 (S.D. Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. Id. See also, Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood,

-2-

487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. <u>Clements v. Astrue</u>, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); <u>see also</u> <u>Decker v. Sullivan</u>, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). <u>The Contract with America Advancement Act of 1996</u>, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. <u>See</u> 28 U.S.C. § 2412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." <u>Id.</u> Where documentation is inadequate, the Court may reduce the award accordingly. <u>Hensley</u>, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $152.00, for 24.05 hours, which he asserts he devoted to the representation of Plaintiff in this court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. <u>Id.</u>, 461 U.S. at 437.

Attorney fees may not be awarded in excess of $125 per hour-the maximum statutory rate under § 2412(d)(2)(A)- unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the

AO72A
(Rev. 8/82)

discretion of the district court. <u>McNulty v. Sullivan</u>, 886 F.2d 1074 (8th Cir. 1989).  In <u>Johnson v. Sullivan,</u> 919 F.2d 503, 505 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] an hour," such as a copy of the Consumer Price Index.  Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living.  Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.  The Court finds that the requested hourly rate of $152.00 is appropriate.  The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel alleges that he spent 1.00 hours to "Receive" the answer with the transcript and to preliminarily review the transcript.  He then alleges that he spent a total of 17.05 hours reviewing the transcript, preparing an outline for the Appeal brief, and completing and editing the brief.  The Answer in this case was 2 ½ pages in length and the transcript was 535 pages in length.   The Appeal brief was 24 pages in length.  The Court finds that in light of the experience, skill and abilities of Plaintiff's counsel, this activity should not have taken more than 14 hours, and the amount will therefore be reduced by 4.05 hours.

Plaintiff's counsel also alleges that he spent .50 hours preparing and filing a Motion for Overlength Brief.  The motion was 1 page in length and the Court finds that this activity should not have taken more than .25 hours, and the amount will therefore be reduced by .25 hours.

Plaintiff's counsel alleges he spent .50 hours receiving and reviewing Defendant's Appeal Brief.  The Defendant's Appeal Brief was 8 ½ pages in length, and should not have taken more than .25 hours, and the amount will therefore be reduced by .25 hours.

-4-

Plaintiff's counsel contends that he spent 2.50 hours preparing and filing the EAJA Petition, Memorandum & Exhibits. The Petition and Memorandum in Support were a little over 6 pages in length, and should not have taken more than 1.50 hours, and the amount will therefore be reduced by 1 hour.

Based upon the foregoing, the court finds that Plaintiff's counsel is entitled to compensation under the EAJA for 18.50 hours (24.05 minus 5.55 hours) at a rate of $152.00 per hour, for a total attorney's fee award of $2,812.00.00, and 40.01 in costs, for a total award of $2,852.01. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, 130 S. Ct. 48 (2009).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 29th day of March 2010.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-